**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 16 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

*v.*

PATRICK SHACKELFORD
PATRICK KIRKMAN
MITCHELL ARMS A/K/A
"ENVELOPE"

Criminal Indictment

No.    **1:21CR0454**

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

**Count One – 18 U.S.C. § 371**
(Conspiracy to Commit Bribery)

1. Beginning by at least June 2018 and continuing through at least
February 2019, the exact dates unknown, in the Northern District of Georgia,
defendants **PATRICK SHACKELFORD**, **PATRICK KIRKMAN**, and
Individual-1 did knowingly and willfully combine, conspire, confederate, agree,
and have a tacit understanding with each other and others known and unknown
to the Grand Jury, to commit an offense against the United States, that is,
defendant **PATRICK SHACKELFORD**, a public official, directly and indirectly
did corruptly demand, seek, receive, accept, and agree to receive and accept,
something of value personally, including monetary payments and other items of
value from defendant **PATRICK KIRKMAN**, Individual-1, and others at the
United States Penitentiary in Atlanta, Georgia, in return for being influenced in
the performance of an official act and being induced to do and omit to do any act
in violation of **SHACKELFORD's** official duties, in violation of Title 18, United
States Code, Section 201(b)(2).

## Background

At all times relevant to this Indictment:

2. The United States Penitentiary in Atlanta, Georgia ("USP Atlanta") was a medium-security federal prison, as the term is used in Title 18, United States Code, Section 1791(d)(4), for male inmates operated by the Federal Bureau of Prisons ("BOP"). USP Atlanta also has a detention center for pre-trial inmates and a satellite prison camp for minimum-security male inmates.

3. From approximately October 2005 to the present, the defendant **PATRICK SHACKELFORD** has served as a Correctional Officer with the BOP. From approximately January 2011 to the present, **SHACKELFORD** served as a plumbing supervisor at USP Atlanta.

4. As a plumbing supervisor, **SHACKELFORD's** responsibilities included, among other things, overseeing a group of inmates that performed plumbing services throughout USP Atlanta. By virtue of his position, **SHACKELFORD** and the inmates he supervised had access throughout USP Atlanta, including areas that were not currently housing any inmates.

5. Defendant **PATRICK KIRKMAN** was an inmate at USP Atlanta.

6. Defendant **MITCHELL ARMS a/k/a "ENVELOPE"** was an inmate at USP Atlanta.

7. Individual-1 was an inmate at USP Atlanta. Individual-1 worked under **SHACKELFORD's** supervision on the plumbing crew. **SHACKELFORD** would often rely on Individual-1 to complete his work.

8. Individual-2 was an inmate at USP Atlanta. Individual-2 worked on the plumbing crew with Individual-1.

2

**Manner and Means**

9.  Beginning in or about June 2018 and continuing until in or about February 2019, **SHACKELFORD** facilitated on behalf of inmates, including **PATRICK KIRKMAN**, **MITCHELL ARMS a/k/a "ENVELOPE"**, and Individual-1, the smuggling of prohibited contraband, including cellular phones, tobacco, and controlled substances, into USP Atlanta.

10. With **SHACKELFORD's** knowledge and assistance, inmates working under his direction on the plumbing crew, including Individual-1, were able to smuggle contraband into USP Atlanta from a visitor's bathroom through "W-ward." During the relevant time, W-ward was used as the suicide watch unit and was often empty of inmates and staff. **SHACKELFORD** and inmates working for him on the plumbing crew created a person-sized hole in a wall in W-ward, which led to a voided area between W-ward and a visitor's bathroom. Once in this voided area in W-ward, the inmates under **SHACKELFORD**'s supervision knocked down another wall to have direct access to the visitor's bathroom. **SHACKELFORD** and the inmates thereafter made a hole under the sink in the bathroom through which the contraband could be passed into USP Atlanta. **SHACKELFORD** would escort the inmates, including Individual-1 and Individual-2, to W-ward to pick up the contraband on nearly a weekly basis.

11. The inmates communicated about the contraband being smuggled into USP Atlanta in a variety of ways, including via text message using cellular phones they unlawfully possessed within USP Atlanta.

12. After the contraband was smuggled into USP Atlanta, **SHACKELFORD** further helped facilitate its distribution by knowingly permitting inmates to store the contraband within the maintenance office,

3

including hiding it in the ceiling above **SHACKELFORD's** office, as well as permitting inmates who worked on his plumbing crew to distribute contraband to others, including **KIRKMAN** and **ARMS**, while providing plumbing services on inmate units.

13. **SHACKELFORD** in part permitted Individual-1 and Individual-2 to smuggle contraband into USP Atlanta and subsequently distribute it to other inmates because Individual-1 and Individual-2 would complete his assigned plumbing duties and other work.

14. **SHACKELFORD** received approximately $5,000 cash as payment for facilitating the smuggling of contraband into USP Atlanta. **KIRKMAN** was the source of the funds used to pay **SHACKELFORD**.

15. **SHACKELFORD** also received pain pills from inmates to facilitate the smuggling of contraband into USP Atlanta.

### Overt Acts

16. In order to carry out the conspiracy and to accomplish the objects thereof, **PATRICK SHACKELFORD**, **PATRICK KIRKMAN**, Individual-1, and known and unknown members of the conspiracy committed various overt acts in the Northern District of Georgia, including, but not limited to, the following:

    a.  In or about June 2018, **SHACKELFORD** and other inmates on the plumbing crew created a person-sized hole in a wall in W-ward, which led to a voided area between W-ward and a visitor's bathroom.

    b.  In or about June 2018, **SHACKELFORD** and others created a hole beneath the sink in a visitor's bathroom in order to bring controlled

4

substances, cellular phones, and other prohibited items into USP Atlanta.

c.  In or about October 2018, **SHACKELFORD** received approximately 120 pain pills from co-conspirators in return for his role in the scheme.

d.  In or about January 2019, **SHACKELFORD** received approximately $5,000 cash from co-conspirators in return for his role in the scheme.

e.  In or about February 2019, **KIRKMAN** and other co-conspirators caused more than 500 grams of methamphetamine and more than 1 kilogram of marijuana to be brought into USP Atlanta through the visitor's bathroom.

f.  On or about February 18, 2019, co-conspirators stored the methamphetamine, marijuana, and cellular phones in the maintenance office, specifically in the ceiling above **SHACKELFORD's** office in USP Atlanta.

All in violation of Title 18, United States Code, Section 371.

### Count Two – 18 U.S.C. § 371
(Conspiracy to Provide and Obtain and Possess Prohibited Objects)

17. The factual allegations in Paragraphs 2 through 8 of this Indictment are realleged and incorporated as if fully set forth herein

18. Beginning by at least June 2018 and continuing through at least February 2019, the exact dates unknown, in the Northern District of Georgia, defendants **PATRICK SHACKELFORD**, **PATRICK KIRKMAN**, **MITCHELL ARMS a/k/a "ENVELOPE"**, Individual-1, and Individual-2, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding

5

with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

> a.  in violation of a statute and a rule and order issued under a statute, to provide to inmates of USP Atlanta prohibited objects, namely methamphetamine and marijuana, and attempt to do so; in violation of Title 18, United States Code, Section 1791(a)(1); and
>
> b.  to permit inmates of USP Atlanta to possess, obtain, and attempt to obtain prohibited objects, namely methamphetamine and marijuana, in violation of Title 18, United States Code, Section 1792(a)(2).

### Manner and Means

19. The factual allegations in Paragraphs 9 through 15 of this Indictment are realleged and incorporated as if fully set forth herein.

### Overt Acts

20. In order to carry out the conspiracy and to accomplish the objects thereof, **PATRICK SHACKELFORD, PATRICK KIRKMAN, MITCHELL ARMS a/k/a "ENVELOPE"**, Individual-1, Individual-2, and known and unknown members of the conspiracy committed various overt acts in the Northern District of Georgia, including, but not limited to, the following:

> a.  The factual allegations in Paragraphs 16(a) through (f) of this Indictment are realleged and incorporated as if fully set forth herein.
>
> b.  On or about August 3, 2018, **KIRKMAN** transferred $1,000 via Cash App to Individual-1.
>
> c.  On or about September 3, 2018, **KIRKMAN** transferred $1,000 via Cash App to Individual-1.

6

d.  On or about October 6, 2018, **KIRKMAN** transferred $1,500 via Cash App to Individual-1.

e.  On or about November 14, 2018, **KIRKMAN** transferred $1,000 via Cash App to Individual-1.

f.  On or about December 4, 2018, **KIRKMAN** transferred $1,000 via Cash App to Individual-1.

g.  On or about January 27, 2019, **KIRKMAN** transferred $500 via Cash App to Individual-1.

h.  On or about February 18, 2019, **ARMS** sent a text message to Individual-1 describing the contents of packages coming through the visitor's bathroom containing contraband, including methamphetamine.

All in violation of Title 18, United States Code, Section 371.

## Count Three – 18 U.S.C. § 201(b)(2)(A)
(Bribery)

21. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

22. From at least in or about June 2018 to in or about February 2019, the exact dates unknown, in the Northern District of Georgia, defendant **PATRICK SHACKELFORD,** a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of any official act, and being induced to do and omit to do any act in violation of **SHACKELFORD's** official duties.

All in violation of Title 18, United States Code, Section 201(b)(2)(A).

## Count Four – 18 U.S.C. § 1791(a)(1)

(Provision of Prohibited Object – Methamphetamine)

23. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

24. Beginning by at least August 2018 and continuing through at least February 2019, the exact dates unknown, in the Northern District of Georgia, defendant **PATRICK SHACKELFORD**, aided and abetted by others known to the Grand Jury, in violation of a statute and a rule and order issued under a statute, did knowingly provide to inmates of USP Atlanta a prohibited object, namely methamphetamine, and attempt to do so, in violation of Title 18, United States Code, Sections 1791(a)(1), 1791(b)(1), and 1791(d)(1)(C), and Section 2.

## Count Five – 18 U.S.C. § 1791(a)(1)

(Provision of Prohibited Object – Marijuana)

25. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

26. Beginning by at least August 2018 and continuing through at least February 2019, the exact dates unknown, in the Northern District of Georgia, defendant **PATRICK SHACKELFORD**, aided and abetted by others known to the Grand Jury, in violation of a statute and a rule and order issued under a statute, did knowingly provide to inmates of USP Atlanta a prohibited object, namely marijuana, and did attempt to do so, in violation of Title 18, United States Code, Sections 1791(a)(1), 1791(b)(3), and 1791(d)(1)(B), and Section 2.

8

## Count Six – 18 U.S.C. § 1791(a)(1)
(Provision of Prohibited Object – Cellular Phones)

27. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

28. Beginning by at least June 2018 and continuing through at least February 2019, the exact dates unknown, in the Northern District of Georgia, **PATRICK SHACKELFORD**, aided and abetted by others known to the Grand Jury, in violation of a statute and a rule and order issued under a statute, did knowingly provide to inmates of USP Atlanta a prohibited object, namely cellular phones, and did attempt to do so, all in violation of Title 18, United States Code, Section 1791(a)(1), 1791(b)(4), and 1791(d)(1)(F), and Section 2.

## Count Seven – 18 U.S.C. § 1791(a)(2)
(Possessing, Obtaining, and Attempting to Obtain Prohibited Object – Methamphetamine)

29. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

30. On a date unknown, but between in or about August 2018 and in or about February 2019, the defendants **PATRICK KIRKMAN** and **MITCHELL ARMS a/k/a "ENVELOPE"**, inmates of USP Atlanta, aided and abetted by each other and others known to the Grand Jury, did knowingly possess, obtain, and did attempt to obtain a prohibited object, namely methamphetamine, all in violation of Title 18, United States Code, Sections 1791(a)(2), 1791(b)(1), and 1791(d)(1)(C), and Section 2.

9

## Count Eight – 18 U.S.C. § 1791(a)(2)

(Possessing, Obtaining, and Attempting to Obtain Prohibited Object – Marijuana)

31. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

32. On a date unknown, but between in or about August 2018 and in or about February 2019, defendants **PATRICK KIRKMAN** and **MITCHELL ARMS a/k/a "ENVELOPE"**, inmates of USP Atlanta, aided and abetted by each other and others known to the Grand Jury, did knowingly possess, obtain, and attempt to obtain a prohibited object, namely marijuana, all in violation of Title 18, United States Code, Sections 1791(a)(2), 1791(b)(3), and 1791(d)(1)(B), and Section 2.

## Count Nine – 21 U.S.C. § 846

(Drug Conspiracy)

33. The factual allegations in Paragraphs 2 through 16 and 20 of this Indictment are realleged and incorporated as if fully set forth herein.

34. Beginning on a date unknown to the Grand Jury, but at least as of in or about August 2018, and continuing until in or about February 2019, in the Northern District of Georgia, and elsewhere, defendants **PATRICK SHACKELFORD**, **PATRICK KIRKMAN**, **MITCHELL ARMS a/k/a "ENVELOPE"**, Individual-1, and Individual-2, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance, said conspiracy involving:

10

a. at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A); and

b. a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

## PRIOR CONVICTION NOTICE

35. Before the defendant, **PATRICK KIRKMAN**, committed the offense described in Count Nine of this Indictment, **KIRKMAN** was convicted, on or about May 31, 2016, of conspiracy to distribute 50 grams or more of methamphetamine and distribution of methamphetamine, in the United States District Court for the Northern District of Alabama, serious drug felonies for which **KIRKMAN** has served more than 12 months of imprisonment, and for which he was serving a term of imprisonment related to those offenses of conviction within 15 years of the commencement of the offense described in Count Nine of this Indictment.

36. Before the defendant, **MITCHELL ARMS a/k/a "ENVELOPE"**, committed the offense described in Count Nine of this Indictment, **ARMS** was convicted, on or about November 9, 2009, of two counts of possessing with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the United States District Court for the Middle District of Tennessee, serious drug felonies for which **ARMS** served more than 12 months of imprisonment, and for which **ARMS** was released from serving any

11

term of imprisonment related to that offense within 15 years of the commencement of the offense described in Count Nine of this Indictment.

37. Before the defendant, **MITCHELL ARMS a/k/a "ENVELOPE"**, committed the offense described in Count Nine of this Indictment, **ARMS** was convicted, on or about September 24, 2015, of possession with intent to distribute cocaine, in the United States District Court for the Middle District of Tennessee, a serious drug felony for which **ARMS** served more than 12 months of imprisonment, and for which he was serving a term of imprisonment related to that offense of conviction within 15 years of the commencement of the offense described in Count Nine of this Indictment.

### Forfeiture

38. Upon conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, the defendants,

**PATRICK SHACKELFORD,
PATRICK KIRKMAN, AND
MITCHELL ARMS a/k/a "ENVELOPE"**,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the following:

> a. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds the defendant obtained as a result of the offense for which the defendant is convicted.

12

39. Upon conviction of the offense in Count Nine of this Indictment, the defendants,

**PATRICK SHACKELFORD,**
**PATRICK KIRKMAN, AND**
**MITCHELL ARMS a/k/a "ENVELOPE"**,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation, and any property used or, intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in this Indictment.

40. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek

13

forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _____ TRUE _____ BILL

_____
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

ALEX R. SISTLA
*Assistant United States Attorney*
Georgia Bar No. 845602

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181